# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| JOHN R. ARTHUR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 10-4209-CV-C-MJW |
| | ) |
| CAPITAL REGION MEDICAL SERVICES, | ) |
| | ) |
| Defendant. | ) |

## ORDER

On October 20, 2010, plaintiff John R. Arthur was granted leave to proceed in forma pauperis in this case, but was ordered to file, within fourteen days, an amended complaint setting forth the grounds for this Court's jurisdiction, as required by Rule 8 of the Federal Rules of Civil Procedure.

On October 25, 2010, plaintiff filed an amended complaint alleging that his rights under the First and Fourteenth Amendments of the Constitution have been violated by defendant Capital Region Medical Services. Plaintiff alleges that he applied for disability because of serious back problems and that three doctors who work for defendant Capital Region Medical Services, Drs. James Ennis, Dsualdo Acosta-Rodriguz and Linda Schultz, made negative determinations as to his disability status, causing him to lose his claim for disability. Plaintiff also alleges that defendant's doctors have accused him of having "mental problems" and prescribed him medicine after he told them he was of sound mind and saved by the spirit of power and of love as a born-again Christian.

On November 16, 2010, defendant Capital Region Medical Services filed a motion to dismiss. On December 9, 2010, this Court ordered plaintiff to show cause why defendant's motion should not be granted. Plaintiff filed a response on December 14, 2010.

Defendant's motion to dismiss argues that plaintiff's amended complaint fails to set forth a short and plain statement of the grounds for the Court's jurisdiction as required by Rule 8(a)(1); fails to state a short and plain statement of the claim showing he is entitled to relief as required

by Rule 8(a)(2); fails to state a demand for the relief sought from defendant or others as required by Rule 8(a)(3); fails to state a claim in separately numbered paragraphs as required by Rule 10(b) and fails to state a claim upon which relief may be granted, and thus, dismissal is proper, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant further notes that "Capital Region Medical Services" is not an entity in existence capable of being sued.

Plaintiff argues that defendant's motion is simply a tactic to avoid accountability, and asserts the motion has increased his hardship, and therefore, he seeks additional damages in the amount of One Million Dollars.

Rule 8(a)(2) requires the complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." It must give the defendant fair notice of the claim and grounds on which it rests. Conley v. Gibson, 355 U.S. 41, 47 (1957). Detailed factual allegations are not required, but "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level. . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

A complaint is properly dismissed under Rule 12(b)(6) when it fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, __ U.S. __, __, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp., 550 U.S. at 570). "The complaint must 'provide a defendant with some indication of the loss and the causal connection that the plaintiff has in mind.'" Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (citing Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 347 (2005)).

This Court has given plaintiff's pro se complaint liberal construction in the light most favorable to plaintiff, accepting as true all of his factual allegations. Bell at 572; Eckert v. Titan Tire Corp. 514 F.3d 801, 806 (8th Cir. 2008). But even with such liberal construction, the Court finds plaintiff's complaint fails to fulfill the requirements of Rule 8 and fails to state a claim on which relief may be granted.

Plaintiff's allegation that defendant, and the doctors employed by defendant, made a negative determination as to his disability resulting in denial of his disability claim fails to set forth sufficient facts to raise a right to relief under the First or Fourteenth Amendment. Neither does the allegation by plaintiff that defendant's doctors have accused him of having mental problems and prescribed him medicine after he told them he was of sound mind and saved by the spirit of power and of love as a born-again Christian raise a right to relief under these amendments. Plaintiff's complaint merely asserts conclusions and labels for his claims, and fails to connect in any way how defendant's doctors' negative assessment of plaintiff's disabled status or accusations of him having mental health problems has denied him the rights protected under the First or Fourteenth Amendment. See Ashcroft at 1949. Plaintiff's complaint fails to contain factual allegations that could support a reasonable inference that anything defendant, or the doctors who work for defendant, did was unlawful. Plaintiff's complaint contains only "naked assertions devoid of further factual enhancement," and therefore, should be dismissed for failure to comply with Rule 8 and for failure to state a claim on which relief may be granted under Rule 12(b)(6). Id.

IT IS, THEREFORE, ORDERED that defendant's motion to dismiss is granted, and plaintiff's claims are dismissed, without prejudice. [7]

Dated this 12th day of January, 2011, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*

MATT J. WHITWORTH
United States Magistrate Judge